

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00542-CR

BILLY RICHARD RENFRO, JR.                                      APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Billy Richard Renfro, Jr. attempts to appeal his January 2011 conviction and life sentence for murder. We dismiss for want of jurisdiction.

On October 17, 2011, Appellant filed in the trial court a pro se notice of appeal and a pro se "Motion for Permission to File Direct Appeal Under the Texas Rules of Appellant [sic] Procedures, Rule 25.2(A)(2)(B)." Concerned that we did not have jurisdiction over Appellant's attempted appeal, we informed Appellant and his counsel by letter on December 8, 2011, that this appeal was subject to dismissal unless Appellant or any party showed grounds for continuing

---

[1]*See* Tex. R. App. P. 47.4.

the appeal on or before December 19, 2011. Appellant and his counsel responded, but the responses do not show grounds on which this court may rely for continuing this appeal.

Jurisdiction is vested in this court by a timely filed notice of appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A defendant's notice of appeal is timely if filed within thirty days after sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2. Because Appellant's notice of appeal was not timely filed, it does not invoke this court's jurisdiction. Furthermore, this court does not have authority to grant an out-of-time appeal. *See Slaton*, 981 S.W.2d at 210 (reasoning that if an appeal is not timely perfected, a court of appeals has no jurisdiction to address the merits of the appeal and can take no action other than to dismiss it). Accordingly, we deny Appellant's motion as moot and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.2(a); 43.2(f); *Olivo*, 918 S.W.2d at 523.

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 29, 2011

2